| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY C. ANDREASEN, | CASE NO. 3:12-cv-05063-RBL |
| Plaintiff, | ORDER |
| v. | [Dkt. #s 10 & 12] |
| SUPERVALU INC, | |
| Defendant. | |

Before the Court is Defendant Supervalu, Inc.'s Motion for Judgment on the Pleadings [Dkt. #10] and Plaintiff Tony Andreasen's response, requesting dismissal without prejudice. [Dkt. #12] For the reasons that follow, the Defendant's Motion for Judgment on the Pleadings is DENIED and Plaintiff's request for dismissal without prejudice is GRANTED.

On January 3, 2012, Mr. Andreasen filed a complaint in Pierce County Superior Court against his employer, Supervalu, and some of his co-workers. He asserted claims for assault, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision/hiring, and outrage. Notice of Removal, Ex. 2 at 4 [Dkt. # 1]. Mr. Andreasen alleged his co-workers, specifically Dave Weist and Mike Munce, "repeatedly made offensive, derogatory and degrading remarks about [Mr. Andreasen's] sexual orientation," "sent and/or posted offensive and derogatory and sexually suggestive messages and images in [Mr.

Andreasen's] work station and [his] assigned equipment," and "stared and leered in an unwanted and intimidating manner." *Id.* at 3. Mr. Andreasen alleges that these activities created a hostile work environment. *Id.* He further alleges that he repeatedly reported this behavior to Supervalu's Human Resources Department, but was told to stop "harassing the management." *Id.* Mr. Andreasen also alleges that he was "constructively discharged on or about August 1, 2011." *Id.* at 4. Mr. Andreasen did not serve the complaint and summons on Defendants Mr. Weist and Mr. Munce. Notice of Removal at 2; Decl. of Dave Weist [Dkt. #3]; Decl. of Mike Munce [Dkt. #4].

On January 26, 2012, Supervalu removed the complaint to this Court. *Id.* at 1. On March 8, 2012, Supervalu filed a motion for judgment on the pleadings, arguing that the Labor-Management Relations Act, 29 U.S.C. § 185, preempts Mr. Andreasen's state law tort claims, because Mr. Andreasen and his co-workers are covered by a collective bargaining agreement. Def.'s Mot. J. Pleadings at 2 [Dkt. #10]. On March 29, 2012, Mr. Andreasen responded by requesting dismissal of his complaint without prejudice under Rule 41(a)(2). Pl.'s Resp. Def.'s Mot. J. Pleadings at 1 [Dkt. #12].

Supervalu opposes Andreasen's request for dismissal without prejudice, and asks the Court to grant its motion for judgment on the pleadings. It argues that Andreasen's response did not respond to the motion, was untimely, and is prejudicial. Def.'s Mot. J. Pleadings at 2, 3, 5. Andreasen argues, however, that dismissal without prejudice will not prejudice Supervalu because no discovery has occurred and Supervalu has not made any counterclaims. Pl.'s Resp. Def.'s Mot. J. Pleadings at 2. Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper[.] Unless the order states otherwise, a dismissal under this paragraph (2)

is without prejudice." Fed. R. Civ. P. 41(a)(2). District courts have discretion to grant a voluntary dismissal under Rule 41(a)(2). *Watson v. Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). Courts look to whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Watson*, 716 F. Supp. at 1355 (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Plain legal prejudice arises when "actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Watson*, 716 F. Supp. at 1356.

Here, no extreme or unreasonable burden exists to justify denying Mr. Andreasen's request for dismissal without prejudice. Though request came upon response to Supervalu's motion for judgment on the pleadings, no extensive discovery has occurred and the case has not progressed to an advanced stage. The parties have not expended an inordinate amount of time and money in preparation for trial. Indeed, Supervalu had filed its motion in anticipation that this court would dismiss it on preemption grounds.

However, Supervalu spent unnecessary time and resources filing its motion for judgment on the pleadings, as well as its reply to Mr. Andreasen's response. Therefore, Mr. Andreasen shall pay $500.00 to Supervalu as terms for obtaining the dismissal without prejudice.

Plaintiff's Motion to Dismiss without prejudice [Dkt. #12] is GRANTED. Defendant's Motion for Judgment on the Pleadings [Dkt. #10] is DENIED as moot.

Dated this 30th day of May, 2012.

_____
Ronald B. Leighton
United States District Judge